# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-40340
Conference Calendar

UNITED STATES OF AMERICA

                              Plaintiff-Appellee

v.

EDWIN AVELINO TURCIOS

                              Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-81-2

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edwin Avelino Turcios appeals the sentence imposed following his guilty plea conviction of conspiring to distribute, dispense, and possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine. Turcios argues that his sentence is unreasonable because the district court did not apply a two-level downward adjustment in his offense

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level pursuant to U.S.S.G. § 3B1.2(b) based on his status as a "minor participant" in his offense of conviction.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). We continue to review a district court's legal determinations de novo and its factual findings, such as its determination of a defendant's role in the offense, for clear error. Cisneros-Gutierrez, 517 F.3d at 764.

To be eligible for a minor-role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity." United States v. Miranda, 248 F.3d 434, 447 (5th Cir. 2001). Turcios participated in the instant offense by relaying directions to the location of the transaction, conducting what appeared to be counter-surveillance while his co-defendant met with an informant, and ensuring that the transaction took place. The district court's finding that Turcios was not a minor participant is plausible in light of the record as a whole and therefore not clearly erroneous. See United States v. Villanueva, 408 F.3d 193, 203-04 (5th Cir. 2005).

Turcios does not contend that his sentence is otherwise procedurally or substantively unreasonable. See Gall, 128 S. Ct. at 596-97. Nor has Turcios shown that his sentence, which falls within a properly calculated sentencing guidelines range, is unreasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The judgment of the district court is AFFIRMED.